# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 17-03007-01-CR-S-RK |
| RANDY G. DABNEY, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT & RECOMMENDATION

Before the Court is the Motion for Leave to File a Motion to Suppress Out of Time (doc. 291) filed by attorney Joshua Roberts on behalf of Defendant Randy G. Dabney.[1] Pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1, this action was referred to the undersigned to prepare a report on all pretrial motions. As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

**I. Background**

On June 18, 2019, Defendant filed a Motion to Suppress, seeking to exclude "any and all physical evidence seized after an illegal stop and subsequent search of a motor vehicle Defendant was riding in on or about April 14, 2016 in the City of Springfield, Greene County, Missouri, as charged in Counts 15, 16, and 17 of the current Indictment." (Doc. 289.) This was the second motion to suppress filed by Defendant, as he previously filed a Motion to Suppress (doc. 79) on April 28, 2017. The second motion to suppress was denied without prejudice, as it was untimely and filed without leave. (Doc. 290.) Defendant now moves for leave to file the proposed second motion to suppress out of time, stating counsel "has had insufficient time to review all discovery

---

[1] Defendant also requested a continuance of the August 19, 2019 trial setting in the motion, but that request is no longer an issue, as the trial has been continued to October 28, 2019 by separate Order (doc. 299).

materials, meet with the defendant, and prepare a defense." (Doc. 291.) The Government has filed Suggestions in Opposition (doc. 296) and Defendant has filed a Reply (doc. 297) in support.

**II. Findings of fact**

On January 17, 2017, Defendant was charged by Indictment in 11 counts, including Count 2 arising from a vehicle stop of Defendant on November 24, 2015 and Counts 15, 16, and 17 arising from a vehicle stop of Defendant on April 14, 2016. He made his initial appearance on February 16, 2017, well over two years ago. On February 21, 2017, attorney John Appelquist was appointed to represent Defendant. On February 22, 2017, the undersigned issued a Scheduling and Trial Order (doc. 59) which set a clear and unambiguous deadline of March 14, 2017 for any relevant pretrial motions, including motions to suppress.

On March 3, 2017, the Government provided to Mr. Appelquist initial discovery, including the reports from the April 14, 2016 vehicle stop. (Docs. 296 at 2, 296-1.)

Defendant moved for and was granted two extensions of the pretrial motion deadline, then filed his first motion to suppress on April 28, 2017. The first motion to suppress sought to exclude "any and all physical evidence seized incident to a non-consensual search of Defendant's motor vehicle on or about November 24, 2015, in the City of Springfield, Greene County, Missouri, as charged in Count 2 of the Indictment." (Doc. 79 at 1.)

On July 24, 2017, the Government advised Mr. Appelquist that additional discovery was available, including the dash cam video from the April 14, 2016 vehicle stop. (Docs. 296 at 3, 296-2.)

On September 19, 2017, a superseding indictment was returned, alleging the same charges against Defendant in Counts 15, 16 and 17. (Doc. 128.) On September 20, 2017, the

undersigned conducted an evidentiary hearing on the first motion to suppress. (Doc. 131.) On March 13, 2018, the District Court denied the first motion to suppress. (Doc. 180.)

On September 18, 2018, on Defendant's motion, Mr. Appelquist was granted leave to withdraw and Brian Risley was appointed to represent Defendant. (Doc. 217.) Less than two months later, on November 7, 2018, Mr. Risley was allowed to withdraw due to a conflict of interest and Mr. Roberts was appointed to represent Defendant. (Doc. 227.) On November 8, 2018, the Government advised Mr. Roberts that discovery, including the reports and dash cam video from the April 14, 2016 vehicle stop, was available for him. (Docs. 296 at 4, 296-3.) On January 10, 2019, on Defendant's motion, the trial of this action was continued for six months, from February 11, 2019 to August 19, 2019. (Doc. 252.)

### III. Conclusions of law

Rule 12 of the Federal Rules of Criminal Procedure provides that motions for suppression of evidence "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3)(C). The court may set a deadline for pretrial motions. FED. R. CRIM. P. 12(c). However, the court may still consider an untimely pretrial motion "if the party shows good cause." FED. R. CRIM. P. 12(c)(3); see also *United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018). "To show good cause, a party must show both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2018). Good cause is a "flexible standard that requires consideration of all interests in the particular case." FED. R. CRIM. P. 12(c)(3) advisory committee note to 2014 amendments. The movant bears the burden of showing good cause. *United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011).

3

In his proposed second motion to suppress, Defendant seeks to exclude "any and all physical evidence seized after an illegal stop and subsequent search of a motor vehicle Defendant was riding in on or about April 14, 2016 in the City of Springfield, Greene County, Missouri, as charged in Counts 15, 16, and 17 of the current Indictment." (Doc. 289.) Citing a police report and dash cam video produced in discovery in support, he argues the stop was illegal because the report indicates the officers stopped the vehicle for "turning without using a turn signal," but the video "clearly shows the blinker of the [] vehicle flashing prior to the turn and before the activation of lights and sirens by the officers." *Id*. Defendant further claims the officers lacked probable cause to search him or his personal effects.

Upon review, the undersigned is not persuaded by Defendant's contention that he "has had insufficient time" to challenge this stop. The suppression issue Defendant seeks to raise in the second motion to suppress is neither complex nor novel. Also, Defendant does not contest the fact that he could have raised this claim on or shortly after July 24, 2017, which is the date the relevant dash cam video was made available to him. Despite the availability of the report and video as of July 24, 2017, Defendant chose not to raise this claim at the hearing on the first motion to suppress nearly two months later. Thus, the primary reason for Defendant's motion for leave appears to be that he is now represented by a different attorney. However, "[t]he desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause." *Trancheff*, 633 F.3d at 698.

The case of *United States v. Salgado-Campos* offers additional guidance. In *Salgado-Campos*, counsel for the defendant moved to extend the deadline to file pretrial motions, citing as grounds his recent retention and his desire to file a motion to suppress certain incriminating evidence. *United States v. Salgado-Campos*, 442 F.3d 684, 685-86 (8th Cir. 2006). The motion

was filed three months after the deadline set by the court, nearly two months after newly-retained counsel had entered the case, and only three weeks before the trial was set to commence. *Id.* at 685. The trial court denied the motion, and the Eighth Circuit affirmed, holding the explanation that counsel's request for an extension came "as soon as he might have been expected to have been apprised of the substantial issues for suppression in the case" failed to show good cause. *Id.* at 686.

In this matter, Mr. Roberts was appointed on November 7, 2018 and the relevant discovery was made available to him the following day. Over two months later, on January 10, 2019, Defendant moved for and was granted a 7-month continuance of the trial to August 19, 2019. Defendant then waited over five more months, until less than two months before the trial date, to raise the instant challenge. As in *Salgado-Campos*, Defendant does not aver that any discovery materials were not made available to his counsel in a timely fashion. Accordingly, under these circumstances, Defendant has failed to show cause for the delay of over seven months, much less the delay of over two years.

**IV. Recommendation**

Based on the foregoing, the undersigned concludes that Defendant has not shown good cause for his failure to raise this suppression issue until over two years after the deadline. Therefore, it is **RECOMMENDED** that Defendant's motion for leave to file the proposed second motion to suppress be **DENIED**.[2]

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 19, 2019

---

[2] The District Court is also advised that a court may deny a motion in limine as untimely "on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress." *Trancheff*, 633 F.3d at 697.